## HERREN v HERMAN

Ohio Appeals, Montgomery Co

No 1418. Decided Feb 5, 1937

Clifford R. Curtner, Dayton, for plaintiff-appellant.

McMahon, Corwin, Landis & Markham, Dayton for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined on appeal on question of law from the julgment of the Common Pleas Court of Montgomery County, Ohio. The plaintiff brought her action against the defendant for damages claimed to have been sustained through malpractice of the defendant in diagnosing, treating, extracting and caring for her teeth.

The jury returned a special verdict upon which the trial court entered judgment for the appellee.

Notice of appeal was duly filed, the same being on question of law.

No bill of exceptions was filed in this court. The ground for new trial is based solely on the claimed defective form and insufficiency of the special verdict as a basis for judgment in favor of defendant-appellee. The special verdict as returned by the jury reads as follows:

"We, nine or more of the jury, in the above entitled cause do find as follows:

"That on or about May 22nd, 1933 the plaintiff called upon the defendant, Dr. Herman, and engaged him to treat a condition in her mouth which was giving her pain and discomfort especially with respect to her lower teeth.

"That at the time she had four impacted 'wisdom' or third molar teeth together with a slight swelling over the lower third molar.

"That within the limits permitted by conformance with the usual and proper practice among dentists in this community in cases such as this

"(1) On or about May 27, 1933 Doctor Herman determined that the lower third molar should be removed and with the consent of the plaintiff began its extraction using novocaine as the anaesthetic.

"(2) After working for some time upon the said tooth, he discovered that the adjoining second molar was involved and after consultation with the plaintiff removed it with her consent, thereafter continuing the effort to extract the third molar but ceasing such attempt when it became apparent that further effort was not advisable due to the strain on the plaintiff and believing that the reasonable probability was that extraction later would be easier.

"(3) That before the attempt to extract the third molar Doctor Herman discovered nothing which warranted the removal of the second molar, either because of its own

condition or because its extraction was essential to the removal of the third molar.

"(4) That thereafter and until on or about June 9, 1933 the plaintiff sustained some swelling and infection in the region of her left jaw which Doctor Herman cared for by seeing the plaintiff twice daily and prescribing cold and hot applications, antiseptics, mouth washes, cathartics and a liquid diet as well as himself cleaning and treating the region of the swelling and infection.

"(5) That on or about June 9th, 1933, due to an apparent lack of confidence in him on the part of the plaintiff and her mother Doctor Herman referred the plaintiff to Dr. Kay who then took charge of the case.

"And we do fail to find that the plaintiff suffered any damage by reason of any failure on the part of Doctor Herman while treating the plaintiff to act with the limits permitted by the usual and proper practice folowed by dentists in this community in cases such as this.

"Signed this day ' of November, 1935." (Then follows signatures of all twelve members of the jury.)

Counsel for appellant in his brief argued at length the failure of the special verdict to embrace all the several acts of negligence embraced within the petition and denied in the answer. It is the theory of counsel that the issue is thus made up and unless the jury makes its finding on each and every claimed act of negligence the Court would be without power to enter judgment. Abstractly this doctrine would seem to be sound although the Supreme Court in the case of **Naseda v Delmul, 123 Oh St 647,** in the second syllabus announces the following principle of law:

"(2) A special verdict is not invalid because there is not a finding of ultimate facts on all the issues. When certain of the issues are not determined they are to be regarded as not proved by the party which has the burden of proof upon those issues."

In the instant case it is not necessary to invoke. the above rigorous rule as announced by the Supreme Court for the following reasons: there being no bill of exceptions we are unable to know whether or not any evidence was presented on the claimed act of negligence other than those referred to in the special verdict of the jury. The allegations in the petition limit the scope of inquiry but it very frequently happens that the issues are further limited through failure of evidence.

The legislative enactment authorizing special verdicts is contained in §11420-16 GC, which reads as follows:

"§11420-16. **To direct a special verdict when.** When requested by either party, the Court shall direct the jury to give a special verdict in writing, upon any and all issues which the case presents."

The provisions of the section are declared to be mandatory. **Dowd-Feder Co v Scheyer, 124 Oh St 504.**

It is very infrequent that special verdicts are requested. At interims or under certain types of cases counsel do occasionally make requests for special verdicts and very frequently same are attended with very unsatisfactory results.

In practice the special verdict is prepared for the jury either by the trial court or counsel representing the respective parties or by the court and counsel collaborating on form. It is a most arduous and difficult task to correctly and adequately formulate a special verdict. In the instant case the form of the special verdict was prepared and presented by counsel representing the defendant-appellee. Naturally counsel adopted a form and used language having in mind the interest of his client. While from this fact alone the special verdict may not be held erroneous, yet as a matter of practice we think the interest of justice will better be preserved if the trial court will use his guiding hand in preparing the special verdict.

The determination of the instant case is attended with great difficulties.

Had we a bill of exceptions before us the question would be simplified. Thereby we would be able to ascertain whether or not the special verdict was adequate or defective. The rule of law is well recognized that every presumption favors the correctness of the judgment. It therefore follows that not only error must appear but that such error was prejudicial. Measured by these standards we are unable to determine that prejudicial error is manifest from the record. The appeal of appellant will be dismissed at her costs.

Exceptions will be allowed.

CRAIG, PJ and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 17, 1937

BY THE COURT:

The above entitled cause is now being determined on appellant's application for rehearing.

Counsel seems to think we failed to fully comprehend the questions raised and argument made in the original hearing.

The elucidation contained in the application for rehearing presents to us no questions not considered in our original opinion.

The application for rehearing will be overruled.

BARNES, PJ and HORNBECK, J, concur.
GEIGER, J, not participating.